CHRISTOPHER J. VANDEGRIFT, d. b., plaintiff in error *vs.* MARY E. PAGE, defendant in error, plaintiff below.

*A writ of error heard ex parte on two returns of non est inventus.*

*Judgment reversed in an action against a steamboat captain, for carrying a slave out of the State, because the declaration did not show whether it was the slave of a citizen of the State, or of a non-resident escaping through the State.*

WRIT OF ERROR to the Superior Court for New Castle county, before the Chancellor and Judges Harrington and Milligan.

The action below was against the defendant, as the captain of a steamboat, for carrying the plaintiff's slave out of the State, contrary to the act of January 19, 1826. (*Digest*, 291.)

The narr. counted, " for that the plaintiff on, &c., was possessed of a negro slave named William, as of her own proper slave, and by reason of the service of the said negro slave, the said plaintiff had received great benefit and advantage; nevertheless, the said defendant, the captain or commander of a steamboat or vessel called the Zephyr, did, on, &c., carry and transport by water out of this State, in the said vessel or steamboat, the said negro slave, William, against the form and provision of an act of the General Assembly of the State of Delaware in such case made and provided, whereby and by force of the said act, an action has accrued to the said plaintiff, to demand and have the sum of five hundred dollars from the said defendant; nevertheless the said defendant (although often requested) hath refused," &c., &c.

The plaintiff had a verdict for $500 and judgment; to which this writ of error was issued and a citation returnable to June term, 1851, which was returned " non est inventus;" an alias issued, returnable to the June term, 1852, which issued to the sheriff of New Castle county improperly, and was not returned; whereupon, a

pluries citation issued to the June term, 1854, which was returned "non est inventus."

Upon these two returns of non est, *Mr. Bayard*, for the plaintiff in error, claimed to be heard as upon a return of cited; otherwise, the defendant could not review the judgment against him, where he could not serve process on the plaintiff.

*The Court* decided to hear the case, ex parte. Two grounds were relied on for the reversal of the judgment.

1. That the form of action adopted in this case, namely, debt, was not the action given by the statute, which is case.

2. That the declaration was materially defective, for want of an averment that the plaintiff *was a citizen of this State.*

The statute provides for two cases, viz: the carrying out the slave of citizens, and the carrying out the slave of a citizen of another State, *escaping* from such State. The declaration did not state whether it was the one case or the other, and the court could not infer that it was the slave of a citizen any more than they can notice another fact outside the record, which the counsel stated to be so, viz: that the person taken out of the State was not only not a slave, but could not be a slave. He was an Indian; since given up by the claimant as such.

The distinction was stated to be between the defective statement of a title or cause of action; and the statement of a defective title or cause of action. (1 *Wms. Saunders*, 238, *note n.*; 2 *Tidd Pr.*, 925; 1 *M. & Selw.*, 234; *Dougl.*, 679; *Rushton* vs. *Aspinwall;* 2 *Term Rep.*, 141; 4 *Ib.*, 472; 6 *Ib.*, 528; 5 *Barn. & Ald.*, 27; 27 *Eng. Com. Law Rep.*, 24.)

         The judgment was reversed on this ground.

*Bayard*, for plaintiff in error.